UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
FELICIA ALLEN, PETER OBARRO, SEAN
PERRY, VERNON WATSEN, ALBERT
SPIVAK, KAREN MITCHELL,
NATHANIEL WHITE, DESHAWN KING,
EARL ALLEN, AKINI CELESTINE,
MICHAEL COLE, JAWUAN BLAKE, A.
DOUGLAS AND R .WILSON,

     Plaintiffs,

  -against-

TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK and
CONSTRUCTION REALTY SAFETY
GROUP, INC.

     Defendants.
------------------------------------------------------- X

Case No: 1:18-cv-04259 (RA)(HBP)

ECF Case

## STIPULATED PROTECTIVE ORDER

  WHEREAS, the parties hereto are conducting discovery in the above-captioned litigation (the "Action");

  WHEREAS, some of the information and documents sought in discovery contain or relate to information of a private, confidential, or proprietary nature (hereinafter "Confidential Material"); and

  WHEREAS, the parties and their counsel desire to facilitate the discovery of certain information, documents, and things from each other and to reasonably limit disclosure of Confidential Material that may be exchanged and produced now and in the future during the Action and have reached agreement as to the terms of this Confidentiality Stipulation and Protective Order ("Order");

IT IS HEREBY STIPULATED AND AGREED THAT:

1. Documents produced during discovery in the Action that contain any Confidential Material shall be plainly stamped, marked or otherwise designated "Confidential" on the face of the document. Testimony about or relating to any Confidential Material or the contents thereof shall be deemed confidential without further designation.

2. The party or person producing or disclosing discovery material may designate as "Confidential Material" that it reasonably and in good faith believes contains:

   a. material of a proprietary nature, including without limitation trade secrets, policies, business practices and procedures, business know-how, customer or client information, information and documents regarding the structure or operations of the Defendants, including without limitation, details about internal processes and procedures;

   b. materials or information of a personal, sensitive or intimate nature, such as personnel documents, social security numbers, addresses, and telephone numbers;

   c. other information as the Parties may agree.

3. Any producing party may redact from the documents and information it produces matter or information the producing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The producing party shall preserve an un-redacted version of each such document.

4. Information identified as Confidential Material under this Agreement, shall be handled by counsel for the producing party and, if produced, by the receiving parties with the highest care. The parties further agree to work cooperatively to agree upon confidential designation of Attorneys Eyes Only materials, should such designation become appropriate.

5.  In the case of transcripts of depositions or court conferences, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or at the conclusion of each session of the deposition, or in a writing provided by the designating party to the other parties within thirty (30) days of the designating party's receipt of a copy of the transcript. Counsel for the parties may modify this procedure for any particular deposition by agreement on the record at such deposition or court conference, or in writing after the conclusion of the deposition or conference, without further Court order.

6.  Any party may object to the designation of any documents as Confidential Material and the parties shall confer in good faith to attempt to resolve the objection. If the parties are unable to resolve the objection, the dispute may be submitted to the Court by the Receiving Party, but the burden of proof to maintain the confidential designation shall remain on the proponent of confidentiality. Notwithstanding the objection, such document(s) and the contents thereof shall be treated as Confidential Material pursuant to the terms of this Order until a contrary determination is made by written agreement of the parties or by order of the Court.

7.  As used in this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise, but shall not include testimony, argument, or use of documents at trial; however, any such testimony, argument, or use of documents at trial shall be disclosed *only* in a manner consistent with the provisions of Paragraph 8 below.

8.  Confidential Material and the contents thereof may be copied and retained by the receiving parties, and may be used by the parties and the parties' counsel, solely for purposes of

3

54429223v.1

prosecuting or defending the Action. Confidential Material shall not be disclosed or made known by the parties and/or their counsel to any other person, except *only* as follows:

a. to the Plaintiffs, Defendants, their current or former directors, officers, employees, representatives and agents to the extent necessary for the performance of their respective duties or in connection with this Action;

b. to any in-house or outside attorneys of the parties, including necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with the Action;

c. to experts, consultants, nonparty witnesses, or other persons retained or consulted by counsel for any party, provided that (i) such disclosure is necessary in order to furnish such assistance, (ii) the counsel receiving such assistance provides a copy of this Order to the individual(s) providing such assistance, and (iii) the individual agrees in writing to be bound by the terms of this Order.

d. to the judges and employees of the United States District Court for the Southern District of New York or appropriate appellate court pursuant to the filing of a court paper or in connection with a hearing, trial, motion, or request for court intervention in the Action, or as otherwise agreed to by the parties or as ordered by the Court.

9. The authorized disclosures provided for in Paragraph 8 above shall be solely for the use and purposes of this Action. Any person, party, or entity receiving any Confidential Material or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 8 above.

4

54429223v.1

Confidential Material and the contents thereof shall not be used for any business, commercial, competitive or personal reason.

10. Nothing contained in this order shall prevent any party from disclosing its own Confidential Material or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information. If a party discloses its own Confidential Material, that disclosure may be a basis to deem the confidential designation as null with respect to such disclosed document. Any document found on the public record or in a manner other than production through discovery shall not be Confidential Material notwithstanding the previous designation so long as the document was not obtained or disclosed through improper or unlawful means and/or through breach of this Agreement.

11. Upon the final termination of this Action by judgment or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall, within a period of 60 days, be returned to the producing party or shall be destroyed – whichever method is directed by the producing party, including electronic copies. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material. Counsel for the receiving parties agree to provide, within 10 days of returning or destroying Confidential Material, a letter to counsel for the producing party confirming compliance with this Paragraph 11 and, if applicable, articulating the method of destruction.

12. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of

the privilege or protection from discovery in this case or in any other federal or state proceeding. This portion of the Stipulated Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a producing party's right to conduct a review of documents, ESI or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. Privileged or work product documents shall be returned by the receiving party to the producing party, either: (i) upon notice from the producing party to the receiving party of such disclosure; or (ii) upon the receiving party's discovery of material that appears in any respect to contain or constitute privileged or work product protected documents. Upon notice or discovery (as set out in (i) and (ii) above) the receiving party shall immediately stop reviewing any such documents or information and shall sequester such documents and information. The law governing inadvertent disclosure shall apply. If there is a dispute, the parties will confer and, if necessary tender the document to the court for resolution of the issue, as outlined in the next paragraph.

14. The parties agree to meet and confer on any issues arising from the claims of privilege before seeking any intervention from the Court. In case of a dispute, the parties agree to seek an in camera review of the disclosed material subject to the dispute. Pending resolution of any such dispute by the Court, the receiving parties shall not review and shall not use the disclosed privileged material in any respect.

15. Counsel for the parties may retain their work product and all briefs, pleadings, or other filings with the Court which incorporate Confidential Material or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Protective Order.

16. Nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

17. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause. In the event that the Court concludes, upon motion of any party, that the designation of documents as "Confidential Material" is being abused, misused or used inappropriately by any party, the Court may review the use of the designation and may impose appropriate sanctions in its discretion.

18. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile or PDF transmissions.

| Dated: New York, NY  March 18, 2019 | Dated: New York, NY  March 18, 2019 | Dated: New York, NY  March 18, 2019 |
|---|---|---|
| Gregory Antollino, Esq.  Antollino, PLLC  *Counsel for Plaintiffs*  275 Seventh Avenue # 705  New York, NY 10001 | Keith Gutstein  Lisa Skruck  Kaufman Dolowich Voluck LLP  *Counsel for Construction Realty Safety Group, Inc.*  135 Crossways Park Dr., Suite 201  Woodbury, NY 11797 | Gena Usenheimer  Nila Merola  *Counsel for Tishman Construction Corporation of New York*  620 Eighth Avenue  New York, New York 10018  Tel: (212) 218-5500  Fax: (212) 218-5526  gusenheimer@seyfarth.com |

> This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.

SO ORDERED:

Date: March 20, 2019

_____
Ronnie Abrams, U.S.D.J.